UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JUDITH ANN HALL,** ) | |
| ) | |
|     **Claimant,** ) | |
| ) | |
| vs. ) | Civil Action No. 2: 12-CV-2416-CLS |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
|     **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant Judith Hall commenced this action on July 9, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and denying her claim for a period of disability, disability insurance benefits, and supplemental security income. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed in part and remanded in part.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th

Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ's hypothetical question to the vocational expert did not contain enough detail about her psychiatric limitations, and that the ALJ improperly ignored her diagnosis of Borderline Personality Disorder. Upon review of the record, the court concludes the first contention should be reviewed further, while the second contention is without merit.

Claimant asserts that, having determined bipolar disorder to be a severe impairment, the ALJ should have identified her limitations in broader terms using both a Psychiatric Review Technique (PRT) and a mental Residual Functional Capacity (RFC).[1] The ALJ found that the Claimant could perform light level work that allowed simple, repetitive, and non-complex tasks, that Claimant should work with or around things, and that Claimant should have only casual to no contact with the general public.[2] Much of this determination was based on the opinion of Dr. Mohabbat, who opined that Claimant's bipolar disorder with noncompliance caused mild to moderate limitations.[3] The ALJ also gave partial weight to a state agency psychologist, Dr.

---

[1] Doc. no. 8.
[2] Tr. at 35.
[3] Tr. at 29, 257-59.

Rankart, who determined that Claimant was capable of performing simple, repetitive, non-complex tasks, that she could work primarily with things, and should have casual to no contact with the general public.[4]

Claimant's assertion is that the ALJ was not specific enough in explaining the degree to which she would be limited in contact with people in the workplace.  At the hearing, the vocational expert was asked if there was other work available for light work restricted to simple, repetitive non-complex tasks, primarily working with or around things, and having only casual (to no) contact with the general public.[5]  The vocational expert stated that Claimant could perform the light level jobs of linen clerk, laundry sorter, and housekeeping or cleaning.  The vocational expert also mentioned sedentary jobs of sorters and machine tending.[6]  Although the Claimant's attorney did not question the vocational expert further as to Claimant's ability to have contact with people, the issue is still unresolved and the ALJ's meaning of "casual to no contact" is unclear.  The vocational expert's statements did not distinguish between the levels of intensity of contact with the public and in the workplace.  Therefore, the ALJ's opinion was not specific enough as to Claimant's limitations in having contact with the public.  This issue is to be remanded for further proceedings.

---

[4] Tr. at 34, 35, 252.
[5] Tr. at 69.
[6] Tr. at 70.

Claimant next asserts that the ALJ did not take into account her diagnosis of Borderline Personality Disorder.  This argument is without merit because there is *no evidence in the record* that Claimant's Borderline Personality Disorder caused her any disabling impairments.  Even though this court is aware, based upon more than 32 years of experience as a trial court judge, that a Borderline Personality Disorder *can be* a severely disabling condition, the ALJ properly ignored this diagnosis due to the failure of claimant and her attorney to provide a proper evidentiary basis for their contention.

Based on the foregoing, the court concludes the ALJ's decision concerning Claimant's Borderline Personality Disorder was in accordance with applicable legal standards.  However, the ALJ's definition of "casual to no contact" is unclear and should be remanded for further review.  Accordingly, the decision of the Commissioner is ACCEPTED IN PART and REMANDED IN PART.  The Clerk is directed to close this file.

DONE this 26th day of July, 2013.

_____
United States District Judge